# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **E.M.-1 and E.M.-2**

**No. 25-398** (Braxton County CC-04-2024-JA-44 and CC-04-2024-JA-45)

## MEMORANDUM DECISION

Petitioner Mother G.F.[1] appeals the Circuit Court of Braxton County's May 22, 2025, order terminating her parental and custodial rights to E.M.-1 and E.M.-2, arguing that the court erred by denying her motion for an improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2024, the DHS filed a petition alleging that the petitioner abused and neglected the children by abusing substances to the detriment of her parenting abilities, exposing them to an inappropriate individual, exposing them to domestic violence, and failing to provide them with adequate shelter and education. Specifically, the DHS alleged that the petitioner admitted to a Child Protective Services ("CPS") worker that she was abusing controlled substances, was in a relationship with an individual whose parental rights to his own children were terminated due to sexual abuse and operation of a methamphetamine lab, and had not been ensuring her children attended school, as they missed eight days of school in the preceding three weeks and numerous other days. The children disclosed to the CPS worker that they had slept in a vehicle several times and that the petitioner frequently left them alone with her boyfriend. The children also disclosed that they had recently heard the petitioner and her boyfriend "arguing about killing each other."

In advance of the adjudicatory hearing, the petitioner filed a motion for an improvement period. In January 2025, the circuit court held an adjudicatory hearing at which it accepted the petitioner's stipulation to the allegations in the petition. Accordingly, the court adjudicated her of abusing and neglecting the children by failing to protect them from her boyfriend whose parental rights were previously terminated for sexual abuse and drug abuse, engaging in domestic violence

---

[1] The petitioner appears by counsel Andrew Chattin. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Mackenzie A. Holdren appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because the children share the same initials, we use numbers to differentiate them.

with her boyfriend in the children's presence, and being addicted to and abusing substances to the detriment of her ability to provide for the children's needs.

On May 2, 2025, the circuit court held a dispositional hearing at which several witnesses testified, including an individual who administered a drug screen to the petitioner on February 14, 2025, and caught her attempting to use a urine pack that was strapped to her person. During her testimony, the petitioner confirmed that she attempted to use a urine bag and admitted that she tested positive for illicit drugs that same day. Additionally, several of the petitioner's recent, positive drug screens were admitted into evidence. The petitioner testified that she would not agree to inpatient drug treatment due to it being six months long but requested that the court allow her to participate in a shorter program. The court found that the DHS proved by "more than clear and convincing evidence" that the petitioner's parental and custodial rights should be terminated. However, the court did not terminate her rights and instead gave her one last opportunity to comply by ordering her to enroll in a long-term inpatient substance abuse treatment program within the next seven days.

On May 12, 2025, the court reconvened the dispositional hearing and the petitioner testified that she did not enter an inpatient treatment program because she was not "firmly ready for rehab." She admitted that she did not reach out to her case worker for help locating a facility and unequivocally stated that she was unwilling to attend an inpatient rehabilitation program. The court then found that the petitioner had "a serious substance abuse issue that she [was] not properly addressing . . . [and] refuse[d] to even acknowledge" and opined that the DHS had "bent over backwards" to offer her services and treatment. Noting that the "polar star of abuse and neglect proceedings is always the best interest of the children," the court found that the petitioner failed to demonstrate that she would comply with an improvement period because she failed to take responsibility for the conditions of abuse and neglect. The court concluded that there was no less restrictive alternative available and no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Noting the children's need for continuity of caretakers and the substantial amount of time necessary to integrate them into a stable home, the court terminated the petitioner's parental and custodial rights to the children. It is from the dispositional order that the petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by denying her motion for an improvement period.[4] We disagree. To receive an improvement period the petitioner must "demonstrate[] by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610. In addition,

---

[3] E.M.-1's father is deceased. E.M.-2's father's parental rights were also terminated. The permanency plan for both children is adoption in the current placement.

[4] The petitioner moved for a preadjudicatory improvement period, a post-adjudicatory improvement period, or a post-dispositional improvement period.

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, the court found both that the petitioner did not demonstrate a likelihood of participating in an improvement period and that she failed to acknowledge her abusive and neglectful conduct or take accountability for the effects of her substance abuse on the children. As such, an improvement period would have been futile, and the court did not err in denying the same. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

To the extent that the petitioner argues that termination of her parental and custodial rights was not the least restrictive alternative, we note that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental and custodial rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). There is no such likelihood when the respondent parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired" and the respondent parent has "not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning." W. Va. Code § 49-4-604(d)(1). Here, the court found that the petitioner was addicted to substances to the detriment of her parenting skills and that she declined inpatient drug treatment. As discussed above, the petitioner also failed to acknowledge the conditions of neglect and abuse, rendering those problems untreatable. *See In re Timber M.*, 231 W. Va. at 55, 743 S.E.2d at 363. Accordingly, the court did not err by terminating the petitioner's parental and custodial rights, and she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 22, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III